IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT INDIANA
NEW ALBANY DIVISION

MICHAEL HAMILTON,

     *Plaintiff,*

     v.                                   CASE NO. 4:24-cv-00081

FLOYD COUNTY, INDIANA,
BRADLEY DANGLER,
HUNTER DUNAWAY
ELISHA AMSLER
KYLE WARREN
AUSTIN GODINEZ-ANGELES
ZACHARY HUNTER, AND
DALTON MCCUTCHEON,

     *Defendants.*

---

## PLAINTIFF'S COMPLAINT

---

### I.    INTRODUCTION

1.    This is an action for money damages and other relief arising from the wrongful treatment and constitutional violations experienced by Plaintiff Michael Hamilton ("Mr. Hamilton") while he was incarcerated as a pretrial detainee at the Floyd County Jail.

2.    Mr. Hamilton was arrested on December 6, 2022, for possession of a miniscule amount of marijuana and transported to the Floyd County Jail, where he was subjected to excessive force, retaliation, and denied adequate medical care.

3.    Defendants, individually and in conspiracy with one another, engaged in conduct under color of state law that violated Mr. Hamilton's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

4.      Mr. Hamilton brings this action under 42 U.S.C. § 1983 and Indiana state law to redress the egregious violations of his constitutional rights and to hold Defendants accountable for his unnecessary pain and suffering.

## II.      JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction over Mr. Hamilton's civil rights claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

6.      This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because the claims arising under Indiana law are so related as to be part of the same case or controversy arising under Mr. Hamilton's constitutional claims.

7.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and omissions giving rise to Mr. Hamilton's claims occurred in this judicial district.

## III.      PARTIES

8.      Mr. Hamilton was at all material times relevant to this Complaint a resident of the Commonwealth of Kentucky.

9.      Defendant Floyd County is a municipal corporation, organized under the laws of the State of Indiana. At all relevant times, Floyd County owned and operated the Floyd County Jail, which houses both pre-trial detainees and convicted prisoners. Floyd County is liable for the state law torts committed by its employees in the scope of their employment.

10.     Defendant Bradley Dangler, a resident of Indiana, was a sergeant at the Floyd County Jail when Mr. Hamilton was confined there in December 2022. In that role, he was responsible for following and enforcing jail policies and procedures. It was also his responsibility to ensure that the people in jail received necessary medical care and humane conditions of confinement as required under the United States Constitution and other laws. At all relevant times,

Defendant Dangler was acting under color of state law. The allegations against this defendant arise from his actions in Indiana and in this judicial district. Mr. Hamilton is suing Defendant Dangler in his individual capacity.

11.    Defendant Kyle Warren, a resident of Indiana, was an officer at the Floyd County Jail when Mr. Hamilton was confined there in December 2022. In that role, he was responsible for following jail policies and procedures. It was also his responsibility to ensure that the people in jail received necessary medical care and humane conditions of confinement as required under the United States Constitution and other laws. At all relevant times, Defendant Warren was acting under color of state law. The allegations against this defendant arise from his actions in Indiana and in this judicial district. Mr. Hamilton is suing Defendant Warren in his individual capacity.

12.    Defendant Zachery Hauner, a resident of Indiana, was an officer at the Floyd County Jail when Mr. Hamilton was confined there in December 2022. In that role, he was responsible for following jail policies and procedures. It was also his responsibility to ensure that the people in jail received necessary medical care and humane conditions of confinement as required under the United States Constitution and other laws. At all relevant times, Defendant Hauner was acting under color of state law. The allegations against this defendant arise from his actions in Indiana and in this judicial district. Mr. Hamilton is suing Defendant Hauner in his individual capacity.

13.    Defendant Hunter Dunaway, a resident of Indiana, was an officer at the Floyd County Jail when Mr. Hamilton was confined there in December 2022. In that role, he was responsible for following jail policies and procedures. It was also his responsibility to ensure that the people in jail received necessary medical care and humane conditions of confinement as required under the United States Constitution and other laws. At all relevant times, Defendant

Dunaway was acting under color of state law. The allegations against this defendant arise from his actions in Indiana and in this judicial district. Mr. Hamilton is suing Defendant Dunaway in his individual capacity.

14.    Defendant Elisha Amsler, a resident of Indiana, was an officer at the Floyd County Jail when Mr. Hamilton was confined there in December 2022. In that role, he was responsible for following jail policies and procedures. It was also his responsibility to ensure that the people in jail received necessary medical care and humane conditions of confinement as required under the United States Constitution and other laws. At all relevant times, Defendant Amsler was acting under color of state law. The allegations against this defendant arise from his actions in Indiana and in this judicial district. Mr. Hamilton is suing Defendant Amsler in his individual capacity.

15.    Defendant Austin Godinez-Angeles, a resident of Indiana, was an officer at the Floyd County Jail when Mr. Hamilton was confined there in December 2022. In that role, he was responsible for following jail policies and procedures. It was also his responsibility to ensure that the people in jail received necessary medical care and humane conditions of confinement as required under the United States Constitution and other laws. At all relevant times, Defendant Angeles was acting under color of state law. The allegations against this defendant arise from his actions in Indiana and in this judicial district. Mr. Hamilton is suing Defendant Angeles in his individual capacity.

16.    Defendant Dalton McCutcheon, a resident of Indiana, was an officer at the Floyd County Jail when Mr. Hamilton was confined there in December 2022. In that role, he was responsible for following jail policies and procedures. It was also his responsibility to ensure that the people in jail received necessary medical care and humane conditions of confinement as required under the United States Constitution and other laws. At all relevant times, Defendant

McCutcheon was acting under color of state law. The allegations against this defendant arise from his actions in Indiana and in this judicial district. Mr. Hamilton is suing Defendant McCutcheon in his individual capacity.

## IV.    NATURE OF DEFENDANTS' CONDUCT

17.    Defendants, individually and in conspiracy with one another, engaged in the conduct described below under color of law of the State of Indiana and Floyd County. The individual Defendants named above knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized or approved the conduct described below. Defendants' conduct was intentional and grossly negligent, indicated active malice toward Hamilton, and constituted a deliberate and reckless disregard for, and indifference to, his constitutional and common law rights, and justifies an award of punitive damages.

## V.    FACTS

18.    Michael Hamilton was born in Louisville, Kentucky. He graduated from Morehouse High School in 1997 and enjoys spending time with family and listening to music.

19.    On December 6, 2022, Mr. Hamilton was stopped for having an expired tag. His vehicle was searched, and a small amount of marijuana was recovered. Mr. Hamilton was subsequently arrested and transported to the Floyd County Jail.

20.    The following day, on December 7, 2022, Mr. Hamilton was formally booked-in to the Floyd County Jail by Defendants Elisha Amsler and Hunter Dunaway.

21.    As part of the booking process, inmates are required to stand on a small platform while officers take photographs.

22.    At one point while being photographed, Mr. Hamilton stepped off the small platform. Mr. Hamilton did not raise his hands, move towards any officer, or exhibit any

threatening gestures. Nonetheless, Defendant Bradley Dangler, who had approached the photo station while Officers Amsler and Dunaway were giving instructions to Mr. Hamilton, immediately shoved Mr. Hamilton against the wall, then violently threw him to the concrete floor.



23.     Defendants Amsler and Dunaway then joined Defendant Dangler in applying body weight and pressure to Mr. Hamilton while Mr. Hamilton screamed in pain. Defendants kept Mr. Hamilton on his stomach while handcuffing his hands behind his back. Defendants then hauled Mr. Hamilton to his feet by hooking each arm.

24.     Defendants Kyle Warren and Austin Godinez-Angeles were called to booking to assist with the already-secured Mr. Hamilton.

25.     Defendants Dangler and Amsler proceeded to fast-walk the handcuffed Mr. Hamilton—who is still screaming in pain—to a nearby holding cell.



26.     Without hesitation, Defendants Dangler and Amsler forcefully drove Mr. Hamilton to the ground head-first.



27.     Although Defendant Dangler indicated in his report that he commanded Mr. Hamilton to drop to his knees and that Mr. Hamilton refused, video footage of the incident shows

no pause in Defendant Dangler's actions as he walked Mr. Hamilton to the cell and then took him down. Even if such a command was given, Mr. Hamilton had no time to comply.

28.    The force of the second takedown caused Mr. Hamilton's already-injured shoulder and upper body to strike the concrete floor with a significant impact.

29.    Once inside the holding cell, the Defendants held Mr. Hamilton to the floor while Defendant Dangler punched Mr. Hamilton twice on the right of the face.

30.    The use of force against Mr. Hamilton was excessive and objectively unreasonable. Defendants Warren and Godinez-Angeles knew constitutional violations were being committed against Mr. Hamilton, had an opportunity to prevent some or all of those constitutional violations, and failed to intervene despite an obligation to do so.

31.    Following these violent and unnecessary uses of force, Defendants Dangler, Amsler, and Dunaway, with the assistance of Defendants Warren and Godinez-Angeles, placed Mr. Hamilton in a Safety Restraint Chair for two hours while Mr. Hamilton continued to suffer.



32.   During this time, Mr. Hamilton repeatedly requested medical care for his injuries, to no avail.

33.   At the conclusion of the two hours, Defendants Dunaway, Godinez-Angeles, Dangler, Zachery Hauner, and Dalton McCutcheon released Mr. Hamilton from the restraint chair.

34.   In the hours and days following the Defendants' excessive use of force, Mr. Hamilton repeatedly complained of left shoulder pain. Despite his pleas, no medical care or treatment was provided. Defendants Dunaway, Amsler, Dangler, Warren, Godinez-Angeles, Hauner, and McCutcheon all knew that Mr. Hamilton had a serious medical need, yet acted with purposeful, knowing, or reckless disregard of the consequences to Mr. Hamilton.

35.   Mr. Hamilton was finally seen by a jail nurse on December 10, 2022. The nurse noted that Mr. Hamilton had reported having shoulder pain since the force incident on December 7, 2022. Jail records indicate the nurse's observations: "Patient's left shoulder noted to have what appears and feels like a bone sticking up from the left shoulder."

36.   The Floyd County Sheriff's Department subsequently released Mr. Hamilton from custody to avoid the obligation of providing him with medical care.

37.   After his release, Mr. Hamilton was evaluated at Norton Hospital in Louisville, Kentucky, where he was diagnosed with a fracture of the left clavicle—an injury that required surgical repair and the implantation of permanent hardware.

38.   As a result of the multiple instances of excessive force used on Mr. Hamilton, his placement in the restraint chair, the failure to monitor his physical well-being thereafter, and the denial of adequate medical care, Mr. Hamilton suffered and continues to suffer pain, permanent disability, and emotional distress.

## VI.     CAUSES OF ACTION

COUNT 1: EXCESSIVE USE OF FORCE
IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

*(Defendants Sgt. Bradley Dangle, Elisha Amsler, and Hunter Dunaway)*

39.     Mr. Hamilton incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

40.     At all times relevant herein, Mr. Hamilton was a pretrial detainee.

41.     Each of these Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

42.     These Defendants, in their individual capacities and while acting under color of law, through action and inaction, were objectively unreasonable in their excessive use of force against Mr. Hamilton in violation of the Fourth and Fourteenth Amendments.

43.     These Defendants acted purposefully, knowingly, and recklessly when they used excessive force on Mr. Hamilton.

44.     The actions and inactions of these Defendants caused a deprivation of Mr. Hamilton's constitutional rights and his physical injuries, mental suffering, and other damages.

45.     The actions and inactions of these Defendants constituted willful, wanton, reckless, conscious, deliberate indifference to Mr. Hamilton's constitutional rights, such that Mr. Hamilton is entitled to recover punitive damages.

COUNT 2: DENIAL OF ADEQUATE MEDICAL CARE
IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT

*(Defendants Sgt. Bradley Dangle, Kyle Warren, Hunter Dunaway, Elisha Amsler, Austin Godinez-Angeles, Zachery Hauner, and Dalton McCutcheon)*

46.     Mr. Hamilton incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

47.     At all times relevant herein, Mr. Hamilton was a pretrial detainee.

48.     Each of these Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

49.     These Defendants were acting under color of state law and within the scope of their employment and were responsible for ensuring the safety and well-being of inmates, including providing necessary medical care.

50.     Following the incidents of excessive force described above, Mr. Hamilton sustained significant injuries, including a fractured left clavicle, that required immediate medical attention.

51.     Despite Mr. Hamilton's evident injuries and his repeated complaints of severe pain, these Defendants displayed objective unreasonableness to his serious medical needs by failing to provide or arrange for adequate medical care.

52.     These Defendants were aware of Mr. Hamilton's objectively serious medical needs but purposefully, knowingly, and/or recklessly ignored his requests for help and did not take any steps to ensure he received adequate medical evaluation and care.

53.     As a result of Defendants' actions and inactions, Mr. Hamilton endured unnecessary pain and suffering.

54.     These Defendants' failure to provide adequate medical care was a direct violation of Mr. Hamilton's Fourth and Fourteenth Amendment rights, which entitle pretrial detainees like Mr. Hamilton to constitutionally adequate medical care.

55.     Mr. Hamilton's injuries were an objectively serious threat to his health.

56.     These Defendants' response to that threat was objectively unreasonable under the circumstances.

57.     These Defendants acted purposefully, knowingly, or recklessly with respect to the consequences of their actions.

58.     As a direct and proximate result of these Defendants' unconstitutional actions, Mr. Hamilton suffered severe emotional and psychological harm, in addition to the physical injuries and pain already inflicted upon him.

59.     The actions and inactions of these Defendants constituted willful, wanton, reckless, conscious, deliberate indifference to Mr. Hamilton's constitutional rights, such that Mr. Hamilton is entitled to recover punitive damages.

COUNT 3: FAILURE TO INTERVENE
IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT

*(Defendants Kyle Warren, Austin Godinez-Angeles, Zachery Hauner, and Dalton McCutcheon)*

60.     Mr. Hamilton incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

61.     At all times relevant herein, Mr. Hamilton was a pretrial detainee.

62.     Each of these Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

63.     These Defendants were acting under color of state law and within the scope of their employment and were responsible for ensuring the safety and well-being of inmates.

64.     These Defendants knew constitutional violations were being committed against Mr. Hamilton, having personally witnessed the excessive use of force employed by Defendants Dangler, Amsler, and Dunaway, and having personally observed the denial of adequate medical care to Mr. Hamilton.

65.     These Defendants had an opportunity to prevent some or all of those constitutional violations and failed to intervene despite an obligation to do so.

66.     As a direct and proximate result of these Defendants' actions and inactions, Mr. Hamilton endured physical injury, pain and suffering, and mental anguish.

67.     These Defendants' failure to intervene was a direct violation of Mr. Hamilton's Fourth and Fourteenth Amendment rights.

68.     The actions and inactions of these Defendant was objectively unreasonable under the circumstances.

69.     These Defendants acted purposely, knowingly, or recklessly with respect to the consequences of their actions.

70.     The actions and inactions of these Defendants constituted willful, wanton, reckless, conscious, deliberate indifference to Mr. Hamilton's constitutional rights, such that Mr. Hamilton is entitled to recover punitive damages.

COUNT 5: STATE LAW *RESPONDEAT SUPERIOR* FOR BATTERY, ASSAULT, NEGLIGENCE, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*(Floyd County, Indiana)*

71.     Mr. Hamilton incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

72.     Defendants Sgt. Bradley Dangler, Kyle Warren, Hunter Dunaway, Elisha Amsler, and Austin Godinez-Angeles intentionally made harmful and offensive contact with Michael Hamilton's person without his consent.

73.     These Defendants' actions constitute a battery under Indiana state law.

74.     As a direct and proximate result of these Defendants' actions, Mr. Hamilton suffered physical injury, pain, and emotional distress.

75.     Defendants Sgt. Bradley Dangler, Kyle Warren, Hunter Dunaway, Elisha Amsler, and Austin Godinez-Angeles intentionally placed Mr. Hamilton in apprehension of imminent harmful or offensive contact.

76.     These Defendants' actions constitute an assault under Indiana state law.

77.    As a direct and proximate result of these Defendants' actions, Mr. Hamilton suffered physical injury, pain, and emotional distress.

78.    Defendants Sgt. Bradley Dangle, Kyle Warren, Hunter Dunaway, Elisha Amsler, Austin Godinez-Angeles, Zachery Hauner, and Dalton McCutcheon owed a duty to Mr. Hamilton to provide a safe environment and adequate medical care while he was detained at the Floyd County Jail.

79.    These Defendants breached this duty by using excessive force, unlawfully punishing Mr. Hamilton, and by failing to provide Mr. Hamilton necessary medical care.

80.    These Defendants' actions and inactions were negligent.

81.    As a direct and proximate result of these Defendants' actions, Mr. Hamilton suffered physical injury, pain, and emotional distress.

82.    The conduct of Defendants Sgt. Bradley Dangle, Hunter Dunaway, and Elisha Amsler was extreme and outrageous, intentionally or recklessly causing severe emotional distress to Mr. Hamilton.

83.    These Defendants' actions and inactions constitute intentional infliction of emotional distress.

84.    As a direct and proximate result of these Defendants' actions, Mr. Hamilton suffered severe emotional distress.

85.    In committing the acts alleged in the preceding paragraphs, Defendants Dangler, Amsler, Dunaway, Warren, Godinez, Hauner, and McCutcheon were acting within the scope of their employment with the Floyd County Sheriff's Department.

86.    Defendants' actions and inactions arose naturally from their employment with the Floyd County Sheriff's Department.

87.     Floyd County is liable for the state law torts committed by its employees and agents.

## VII.    JURY DEMAND

Plaintiff Michael Hamilton demands a trial by jury.

## VIII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff Michael Hamilton prays the Court grant the following relief:

A.     Compensatory damages in an amount to be determined at trial;

B.     Punitive damages against the individual defendants;

C.     Reasonable attorney fees and costs under 42 U.S.C. § 1988; and

D.     All other relief the Court deems just and proper.

Respectfully submitted,

/s/ *Katherine E. Tapp*
Katherine E. Tapp, Atty. No. 35386-22
WICKER / BRAMMELL, PLLC
323 West Main Street, Eleventh Floor
Louisville, Kentucky 40202
Phone: (502) 780-6185
Email: katherine@wickerbrammell.com

*and*

Matthew J. Schad, Atty. No. 20762-22
SCHAD LAW, P.C.
309 Pearl Street, Second Floor
New Albany, Indiana 47150
Phone: (812) 945-4555
Email: mschad@schadlaw.com

*Counsel for Plaintiff*